UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED
DEC 28 2011
U.S. DISTRICT COURT
INDIANAPOLIS, INDIANA

| | |
|---|---|
| WILLIE E. KING, )<br>)<br>PLAINTIFF, )<br>)<br>v. )<br>)<br>THE CITY OF INDIANAPOLIS, )<br>JONATHAN M. LAWLIS, )<br>ROBERT K. MCCAULEY, )<br>BRAD ALFORD, and, )<br>MICHAEL B. WRIGHT, )<br>)<br>DEFENDANTS. ) | CAUSE NO.<br><br>1:11-cv-1727 TWP-DML<br><br>JURY TRIAL REQUESTED |

## COMPLAINT

### I. Nature of Case

1. This lawsuit seeks money damages against the City of Indianapolis and Indianapolis Metropolitan Police Officers Jonathan Lawlis, Robert McCauley, Brad Alford, and Michael Wright, for injuries received by Willie E. King when he was falsely arrested and subjected to excessive force on February 18, 2011, and then subsequently maliciously prosecuted.

### II. Jurisdiction and Venue

2. This action is brought pursuant to 42 U.S.C. §1983 and is premised on the first, fourth, and fourteenth amendments to the United States Constitution. This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. §§1331 and 1343.

3. Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendants are residents of, Indianapolis,

Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

4. This Court has supplemental jurisdiction over plaintiff's state law claims for battery and false arrest pursuant to 28 U.S.C. §1367.

### III. Parties

5. Plaintiff Willie E. King is an adult resident of Indiana.

6. Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the state of Indiana. This municipal defendant is sued with respect to state law claims and with respect to plaintiff's federal fourth and fourteenth amendment claims concerning the illegal confiscation of property without a warrant and without due process of law. This defendant is sued for compensatory, not punitive, damages.

7. Defendant Jonathan M. Lawlis is an adult resident of Indiana and is a police officer employed by Defendant City of Indianapolis in its Indianapolis Metropolitan Police Department ("IMPD"). He is sued in his individual capacity on the federal claims only.

8. Defendant Robert K. McCauley is an adult resident of Indiana and is an IMPD officer employed by Defendant City of Indianapolis. He is sued in his individual capacity on the federal claims only.

9. Defendant Brad Alford is an adult resident of Indiana and is an IMPD officer employed by Defendant City of Indianapolis. He is sued in his individual capacity on the federal claims only.

10. Defendant Michael B. Wright is an adult resident of Indiana and is an IMPD officer employed by Defendant City of Indianapolis. He is sued in his individual capacity on the federal claims only.

## IV. Facts

11. Willie King was born in 1944 and was sixty-six (66) years old at the time of his arrest.

12. On February 18, 2011, Mr. King was at his residence on North Whittier Place in Indianapolis.

13. At approximately 6:00 p.m., Mr. King observed police officers parked in front of his neighbor's residence.

14. The officers were arresting a man, whom they had in handcuffs.

15. Mr. King got his cellphone out of his vehicle, walked over to his neighbors' property, and started to digitally record the scene.

16. Mr. King then walked over to his neighbor's front porch, and from there, continued to record the police officers' activities.

17. The police observed Mr. King recording the arrest.

18. Mr. King was not interfering in the officers' arrest of the suspect.

19. Officer Brad Alford, one of the officers arresting the suspect, saw Mr. King recording the scene and instructed Officer Lawlis to confiscate Mr. King's cell phone.

20. The City of Indianapolis has a policy of confiscating cell phones from citizens without due process of law.

21. Officer Lawlis approached Mr. King and ordered Mr. King to give the officer his cellphone.

22. Mr. King did not give the officer his cellphone.

23. When Mr. King did not give Officer Lawlis his cellphone, Officer Lawlis grabbed Mr. King and tackled him to the ground, injuring Mr. King's shoulder.

24. Other officers, including Officer Wright, and perhaps Officers Alford and McCauley, also

used force against Mr. King, or were in a position to observe and prevent the use of reasonable force against Mr. King.

25. Officers McCauley and Lawlis confiscated Mr. King's cellphone.

26. The officers arrested Mr. King.

27. The officers falsely charged Mr. King with residential entry, obstruction of justice, resisting law enforcement, interfering with a firefighter, and public intoxication.

28. The individual defendant police officers failed in their duty to intervene and prevent their fellow officers from violating Mr. King's constitutional rights.

29. The Marion County Prosecutor charged Mr. King with Resisting Arrest, Disorderly Conduct, and Public Intoxication.

30. The prosecutor's charges were based upon Officer Lawlis' false police report and affidavit of probable cause.

31. Mr. King denied the charges and demanded a trial.

32. At the conclusion of a bench trial conducted in Marion County Superior Court No. 24, Mr. King was found not guilty on all charges.

33. Mr. King suffered damages as a result of these events in the form of physical injury, pain, suffering, lost earnings, attorney fees, and emotional distress.

34. At all times relevant to this suit, the individual defendants were employed by the City of Indianapolis in the Indianapolis Metropolitan Police Department and acted within the scope of their employment.

35. Mr. King properly served defendant City of Indianapolis with a notice of tort claim under Indiana state law.

36. At all times relevant, the individual defendants were acting under color of state law.

## V. Claims

37. Defendants' actions constitute an unlawful seizure of Mr. King and Mr. King's property in violation of the fourth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

38. Defendants' actions constitute an unlawful seizure, in terms of the lack of probable cause for the arrest of Mr. King, in contravention of the fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

39. Defendants' actions constitute an unlawful seizure, in terms of the use of excessive force against Mr. King, in contravention of the fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

40. Any of the Defendant officers who did not actually use force or make the false arrest had a duty to intervene and stop the false arrest and use of excessive force against Mr. King.

41. The officers' actions in confiscating Mr. King's cellphone deprived him of his property without due process of law, in violation of the fourteenth amendment to the Constitution.

42. The officer's actions in stopping Mr. King from digitally recording their actions and in confiscating his cell phone violated Mr. King's rights under the first amendment to observe and record the public actions of these public officials.

43. Defendant Lawlis' actions constituted an unreasonable and/or a malicious prosecution, in violation of the fourth and/or fourteenth amendments, actionable pursuant to 42 U.S.C. § 1983.

44. Defendants' actions constitute battery under Indiana common law to which the City of

Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq.*

45. Defendants' actions constitute a false arrest in contravention of Indiana common law to which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq.*

46. Defendant City of Indianapolis is legally responsible under Indiana state law for its own actions, and, under the doctrine of *respondeat superior*, for the actions of its employees, including the individual defendants.

47. Plaintiff reserves the right to proceed with any and all claims which the facts averred in this Complaint support, pursuant to the notice pleading requirement of Federal Rule of Civil Procedure 8.

## VI. Jury Trial Requested

48. Willie King requests a jury trial on his claims.

## VII. Relief Requested

49. Willie King seeks all relief available under the law, including compensatory and punitive damages (against the individual defendants only), attorney fees and costs, and all other appropriate relief.

Respectfully submitted,

Dated: December 28, 2011

_____
Richard A. Waples, Atty. No. 2132-49
Attorney for Plaintiff

_____
Michael J. Woody, Atty. No. 21206-49
Attorney for Plaintiff

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, Indiana 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com

**Michael J. Woody, PC**
**Attorney at Law**
543 East Market Street
Indianapolis, Indiana 46204
TEL: (317) 423-2902
FAX: (317) 423-2922
EMAIL: mjwoody@att.net