IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE E. KING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 1:11-cv-1727-TWP-DML |
| | ) |
| THE CITY OF INDIANAPOLIS, | ) |
| JONATHAN M. LAWLIS, | ) |
| ROBERT K. MCCAULEY, | ) |
| BRAD ALFORD, and | ) |
| MICHAEL B. WRIGHT, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS ANSWER AND AFFIRMATIVE DEFENSES

Defendants City of Indianapolis, Jonathan M. Lawlis, Robert K. McCauley, Brad Alford, and Michael B. Wright ("Defendants"), by counsel, hereby answer Plaintiff's Complaint. Defendants note that, for ease of reference, the allegations of Plaintiff's Complaint are set forth verbatim with Defendants' responses following each allegation.

### *Answer*

### I. Nature of Case

1.    This lawsuit seeks money damages against the City of Indianapolis and Indianapolis Metropolitan Police Officers Jonathan Lawlis, Robert McCauley, Brad Alford, and Michael Wright, for injuries received by Willie E. King when he was falsely arrested and subjected to excessive force on February 18, 2011, and then subsequently maliciously prosecuted.

**ANSWER:** Defendants admit Plaintiff is attempting to seek money damages from this lawsuit.   To the extent that Paragraph 1 of the Complaint purports to state any substantive allegations, the Defendants deny the remaining allegations contained therein.

## II. Jurisdiction and Venue

2.      This action is brought pursuant to 42 U.S.C. §1983 and is premised on the first, fourth, and fourteenth amendments to the United States Constitution.   This Court has original subject matter jurisdiction of the federal questions presented, pursuant to 28 U.S.C. §§1331 and 1343.

**ANSWER:**   Defendants admit Plaintiff purports to state a claim under 42 U.S.C. section 1983 and that jurisdiction is therefore proper.   Defendants admit pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over Plaintiff's claims brought under 42 U.S.C. § 1983.   To the extent that Paragraph 2 of the Complaint purports to state any substantive allegations, the Defendants deny the remaining allegations contained therein.

3.      Venue is proper in this Court and Division, pursuant to 28 U.S.C. §1391, because the events giving rise to this action occurred in, and the defendants are residents of, Indianapolis, Indiana, which is located in the Indianapolis Division of the Southern District of Indiana.

**ANSWER:**   Defendants admit that venue in this Court for claims that occurred in the Southern District of Indiana is proper.   Defendants deny all other remaining allegations in Paragraph 3 of Plaintiff's Complaint not expressly admitted herein.

4.      This Court has supplemental jurisdiction over plaintiff's state law claims for battery and false arrest pursuant to 28 U.S.C. §1367.

**ANSWER:**   Defendants admit that the Plaintiff purports to state a claim under 42 U.S.C. section 1983 and that supplemental jurisdiction for any purported state law claims is therefore proper under 28 U.S.C. section 1367.   To the extent that Paragraph 4 of the Complaint purports to state any substantive allegations, the Defendants deny the remaining allegations contained therein.

### III.   Parties

5.      Plaintiff Willie E. King is an adult resident of Indiana.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 5 of the Complaint and therefore deny the same.

6.      Defendant City of Indianapolis is located in Marion County, Indiana, and is a political subdivision of the state of Indiana.  This municipal defendant is sued with respect to state law claims and with respect to plaintiff's federal fourth and fourteenth amendment claims concerning the illegal confiscation of property without a warrant and without due process of law.   This defendant is sued for compensatory, not punitive, damages.

**ANSWER:**   The Defendants admit that the Consolidated City of Indianapolis-Marion County is located in Marion County, Indiana, and is a political subdivision of the State of Indiana.   To the extent that Paragraph 6 of the Complaint purports to state any

substantive allegations, the Defendants deny the remaining allegations contained therein.

7.  Defendant Jonathan M. Lawlis is an adult resident of Indiana and is a police officer employed by Defendant City of Indianapolis in its Indianapolis Metropolitan Police Department ("IMPD").   He is sued in his individual capacity on the federal claims only.

**ANSWER:**  Defendants admit that Officer Jonathan M. Lawlis is an adult resident of Indiana and a police officer with the City of Indianapolis in its Indianapolis Metropolitan Police Department ("IMPD").    To the extent that Plaintiff states any other substantive allegations in Paragraph 7 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated therein and therefore deny the same.

8.  Defendant Robert K. McCauley is an adult resident of Indiana and is an IMPD officer employed by Defendant City of Indianapolis.   He is sued in his individual capacity on the federal claims only.

**ANSWER:**  Defendants admit that Officer Robert K. McCauley is an adult resident of Indiana and a police officer with the City of Indianapolis in its IMPD.    To the extent that Plaintiff states any other substantive allegations in Paragraph 8 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated therein and therefore deny the same.

9.  Defendant Brad Alford is an adult resident of Indiana and is an IMPD officer employed

by Defendant City of Indianapolis.  He is sued in his individual capacity on the federal claims only.

**ANSWER:**  Defendants admit that Officer Brad Alford is an adult resident of Indiana and a police officer with the City of Indianapolis in its IMPD.   To the extent that Plaintiff states any other substantive allegations in Paragraph 9 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated therein and therefore deny the same.

10.    Defendant Michael B. Wright is an adult resident of Indiana and is an IMPD officer employed by Defendant City of Indianapolis.  He is sued in his individual capacity on the federal claims only.

**ANSWER:**  Defendants admit that Officer Michael B. Wright is an adult resident of Indiana and a police officer with the City of Indianapolis in its IMPD.   To the extent that Plaintiff states any other substantive allegations in Paragraph 10 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations stated therein and therefore deny the same.

### IV. Facts

11.    Willie King was born in 1944 and was sixty-six (66) years old at the time of his arrest.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 11 of Plaintiff's Complaint and therefore deny the same.

12.    On February 18, 2011, Mr. King was at his residence on North Whittier Place in Indianapolis.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 12 of Plaintiff's Complaint and therefore deny the same.

13.    At approximately 6:00 p.m., Mr. King observed police officers parked in front of his neighbor's residence.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 13 of Plaintiff's Complaint and therefore deny the same.

14.    The officers were arresting a man, whom they had in handcuffs.

**ANSWER:**   Defendants admit William Gilmore was arrested on February 18, 2011 and was placed in handcuffs.

15.    Mr. King got his cellphone out of his vehicle, walked over to his neighbors' property, and started to digitally record the scene.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 15 of Plaintiff's Complaint and therefore deny the same.

16.     Mr. King then walked over to his neighbor's front porch, and from there, continued to record the police officers' activities.

   **ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 16 of Plaintiff's Complaint and therefore deny the same.


17.     The police observed Mr. King recording the arrest.

   **ANSWER:**  Defendants admit that Mr. King was observed by the police recording the arrest of William Gilmore on February 18, 2011.


18.     Mr. King was not interfering in the officers' arrest of the suspect.

   **ANSWER:**  Defendants deny the allegations made in Paragraph 18 of Plaintiff's Complaint.


19.     Officer Brad Alford, one of the officers arresting the suspect, saw Mr. King recording the scene and instructed Officer Lawlis to confiscate Mr. King's cell phone.

   **ANSWER:**  Officer Brad Alford observed Mr. King recording the scene.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 19 of Plaintiff's Complaint and therefore deny the same.

20.     The City of Indianapolis has a policy of confiscating cell phones from citizens without

due process of law.

**ANSWER:**   Defendants deny the allegations contained in paragraph 20 of Plaintiff's

Complaint.

21.     Officer Lawlis approached Mr. King and ordered Mr. King to give the officer his

cellphone.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations made in Paragraph 21 of Plaintiff's Complaint and

therefore deny the same.

22.     Mr. King did not give the officer his cellphone.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations made in Paragraph 22 of Plaintiff's Complaint and

therefore deny the same.

23.     When Mr. King did not give Officer Lawlis his cellphone, Officer Lawlis grabbed Mr.

King and tackled him to the ground, injuring Mr. King's shoulder.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations made in Paragraph 23 of Plaintiff's Complaint and

therefore deny the same.

24.     Other officers, including Officer Wright, and perhaps Officers Alford and McCauley,

also used force against Mr. King, or were in a position to observe and prevent the use of reasonable force against Mr. King.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 24 of Plaintiff's Complaint and therefore deny the same.

25.   Officers McCauley and Lawlis confiscated Mr. King's cellphone.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 25 of Plaintiff's Complaint and therefore deny the same.

26.   The officers arrested Mr. King.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 26 of Plaintiff's Complaint and therefore deny the same.

27.   The officers falsely charged Mr. King with residential entry, obstruction of justice, resisting law enforcement, interfering with a firefighter, and public intoxication.

**ANSWER:**   Defendants deny the allegations made in Paragraph 27 of Plaintiff's Complaint.

28.   The individual defendant police officers failed in their duty to intervene and prevent their

fellow officers from violating Mr. King's constitutional rights.

**ANSWER:**   Defendants deny the allegations made in Paragraph 28 of Plaintiff's Complaint.

29.   The Marion County Prosecutor charged Mr. King with Resisting Arrest, Disorderly Conduct, and Public Intoxication.

**ANSWER:**   Defendants admit Plaintiff was charged with Resisting Arrest, Disorderly Conduct, and Public Intoxication by the Marion County Prosecutor's Office.

30.   The prosecutor's charges were based upon Officer Lawlis' false police report and affidavit of probable cause.

**ANSWER:**   Defendants deny Officer Lawlis' police report and affidavit of probable cause were false.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 30 of Plaintiff's Complaint and therefore deny the same.

31.   Mr. King denied the charges and demanded a trial.

**ANSWER:**   Defendants admit Plaintiff pleaded non-guilty.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 31 of Plaintiff's Complaint and therefore deny the same.

32.   At the conclusion of a bench trial conducted in Marion County Superior Court No. 24,

Mr. King was found not guilty on all charges.

**ANSWER:**   Defendants admit Plaintiff was found not guilty at a bench trial. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in Paragraph 32 of Plaintiff's Complaint and therefore deny the same.

33.   Mr. King suffered damages as a result of these events in the form of physical injury, pain, suffering, lost earnings, attorney fees, and emotional distress.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations made in Paragraph 33 of Plaintiff's Complaint and therefore deny the same.

34.   At all times relevant to this suit, the individual defendants were employed by the City of Indianapolis in the Indianapolis Metropolitan Police Department and acted within the scope of their employment.

**ANSWER:**   Defendants admit the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35.   Mr. King properly served defendant City of Indianapolis with a notice of tort claim under Indiana state law.

**ANSWER:**   Defendant City of Indianapolis received a tort claim notice concerning Willie E. King on August 17, 2011.   Defendants deny all other remaining allegations in

−11−

Paragraph 35 of Plaintiff's Complaint.

36.     At all times relevant, the individual defendants were acting under color of state law.

   **ANSWER:**   Defendants admit allegations in Paragraph 36 of Plaintiff's Complaint.


### V. Claims

37.     Defendants' actions constitute an unlawful seizure of Mr. King and Mr. King's property in violation of the fourth amendment to the United States Constitution, actionable pursuant to 42 U.S.C. §1983.

   **ANSWER:**   Defendants deny the allegations made in Paragraph 37 of Plaintiff's Complaint.


38.     Defendants' actions constitute an unlawful seizure, in terms of the lack of probable cause for the arrest of Mr. King, in contravention of the fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

   **ANSWER:**   Defendants deny the allegations made in Paragraph 38 of Plaintiff's Complaint.


39.     Defendants' actions constitute an unlawful seizure, in terms of the use of excessive force against Mr. King, in contravention of the fourth amendment, actionable pursuant to 42 U.S.C. § 1983.

   **ANSWER:**   Defendants deny the allegations made in Paragraph 39 of Plaintiff's

−12−

Complaint.

40.      Any of the Defendant officers who did not actually use force or make the false arrest had

a duty to intervene and stop the false arrest and use of excessive force against Mr. King.

**ANSWER:**   Defendants deny the allegations made in Paragraph 40 of Plaintiff's

Complaint

41.      The officers' actions in confiscating Mr. King's cellphone deprived him of his property

without due process of law, in violation of the fourteenth amendment to the Constitution.

**ANSWER:**   Defendants deny the allegations made in Paragraph 41 of Plaintiff's

Complaint.

42.      The officer's actions in stopping Mr. King from digitally recording their actions and in

confiscating his cell phone violated Mr. King's rights under the first amendment to

observe and record the public actions of these public officials.

**ANSWER:**   Defendants deny the allegations made in Paragraph 42 of Plaintiff's

Complaint.

43.      Defendant Lawlis' actions constituted an unreasonable and/or a malicious prosecution, in

violation of the fourth and/or fourteenth amendments, actionable pursuant to 42 U.S.C. §

1983.

**ANSWER:**   Defendants deny the allegations made in Paragraph 43 of Plaintiff's

−13−

Complaint.

44.     Defendants' actions constitute battery under Indiana common law to which the City of

Indianapolis is answerable under the Indiana Tort Claims Act, Ind. Code 34-13-3 *et seq*.

**ANSWER:**   Defendants deny the allegations made in Paragraph 44 of Plaintiff's

Complaint.

45.     Defendants' actions constitute a false arrest in contravention of Indiana common law to

which the City of Indianapolis is answerable under the Indiana Tort Claims Act, Ind.

Code 34-13-3 *et seq*.

**ANSWER:**   Defendants deny the allegations made in Paragraph 45 of Plaintiff's

Complaint.

46.     Defendant City of Indianapolis is legally responsible under Indiana state law for its own

actions, and, under the doctrine of *respondeat superior*, for the actions of its employees,

including the individual defendants.

**ANSWER:**   The law of *respondeat superior* in the State of Indiana speaks for itself.

To the extent that Paragraph 46 of the Complaint states any substantive allegations,

Defendants deny the same.

47.     Plaintiff reserves the right to proceed with any and all claims which the facts averred in

this Complaint support, pursuant to the notice pleading requirement of Federal Rule of

Civil Procedure 8.

**ANSWER:**   Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations made in Paragraph 47 of the Complaint and therefore deny the same.

## VI.   Jury Trial Requested

48.   Willie King requests a jury trial on his claims.

**ANSWER:**   Defendants admit that Plaintiff requests a jury trial.

## VII.   Relief Requested

49.   Willie King seeks all relief available under the law, including compensatory and punitive damages (against the individual defendants only), attorney fees and costs, and all other appropriate relief.

**ANSWER:**   Defendants deny that Plaintiff is entitled to the requested relief.

## AFFIRMATIVE DEFENSES

Defendants, by counsel, hereby assert the following affirmative defenses:

### First Affirmative Defense

Probable cause for arrest existed.

## Second Affirmative Defense

Probable cause for arrest existed.

## Third Affirmative Defense

Plaintiff's claims under *Monell*, if any, are barred to the extent they have failed to properly state a claim.

## Fourth Affirmative Defense

Defendants are immune from liability for Plaintiff's claims to the extent the doctrines of qualified immunity, absolute immunity, legislative immunity, quasi-legislative immunity, judicial immunity, or quasi-judicial immunity apply.

## Fifth Affirmative Defense

The Plaintiff's claims are barred to the extent they do not have standing to bring this action.

## Sixth Affirmative Defense

Plaintiff's claims are barred to the extent abstention doctrines apply.

**Seventh Affirmative Defense**

To the extent the Complaint refers to the Indianapolis Metropolitan Police Department as a defendant in this action, the Indianapolis Metropolitan Police Department is not a separate, suable entity.

**Eighth Affirmative Defense**

Plaintiff's claims for punitive damages against a governmental entity under state or federal law are barred, and Plaintiff is not entitled to punitive damages on any claims against Defendants in their individual capacities.

**Ninth Affirmative Defense**

Plaintiff has failed to state a claim upon which relief may be granted.

**Tenth Affirmative Defense**

Plaintiff's state law claims, if any, are barred to the extent he has failed to comply with the notice requirements of the Indiana Tort Claims Act, Indiana Code section 34-13-3-1 *et seq.*

**Eleventh Affirmative Defense**

Plaintiff's claims are limited to the extent he failed to mitigate his damages, but to the extent some mitigation has occurred, Defendants are entitled to a set-off.

## Twelfth Affirmative Defense

Plaintiff's claims are barred to the extent that he has failed to exhaust his administrative remedies.

## Thirteenth Affirmative Defense

Plaintiff's lawsuit and any recovery is barred to the extent that the claims are subject to any federal statute limiting the cause of action or the recovery of damages, including, but not limited to, a cap on compensatory damages and a limitation on interest.

## Fourteenth Affirmative Defense

To the extent that Plaintiff's lawsuit alleges negligence or state tort claims, Defendants are immune under Indiana's Tort Claim Act, Indiana Code section 34-13-3-4, *et seq*.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred to the extent that they have waived claims by actions or inactions.

## Sixteenth Affirmative Defense

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of Plaintiff's contributory negligence.

### Seventeenth Affirmative Defense

Plaintiff is barred from recovering damages to the extent such damages were the proximate result of the actions or inactions of a non-party.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred to the extent they are untimely.

### Nineteenth Affirmative Defense

Defendants acted in good faith at all times, and had reasonable grounds for believing that any act(s) they took did not violate any applicable federal or state laws.

### Twentieth Affirmative Defense

Defendants acted in accordance with their authority pursuant to a State law.

### Twenty-First Affirmative Defense

Plaintiff's recovery, if any, on state law claims is limited pursuant to Indiana Code section 34-13-3-4.

### Twenty-Second Affirmative Defense

Plaintiff may not recover damages on any state law claims against the individual Defendants for the acts committed within the scope of his employment.

### Twenty-Third Affirmative Defense

The alleged injuries and/or damages of which the Plaintiff complains were the proximate result of the risk voluntarily incurred and/or assumed by the Plaintiff.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims for retroactive relief are barred or limited under the doctrine of nonretroactivity to the extent a rule was announced after the Plaintiff's conduct took place.

### Twenty-Fifth Affirmative Defense

Plaintiff's claims are barred to the extent they are not ripe.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims are barred to the extent he is seeking to obtain damages for the underlying conduct for which he has been convicted under *Heck v. Humphrey*, 512 U.S. 477 (1994).

### Twenty-Seventh Affirmative Defense

Plaintiff's claims are estopped under the doctrines of collateral estoppel or res judicata to the extent the claims or issues have been previously litigated.

### Twenty-Eighth Affirmative Defense

Plaintiff's claims are estopped to the extent the doctrine of judicial estoppel applies.

### Twenty-Ninth Affirmative Defense

Plaintiff's claims are barred to the extent the Defendants would have taken the same action against the Plaintiff even if there was no constitutional violation.

### Thirtieth Affirmative Defense

Plaintiff's conspiracy claims under Section 1983 or 1985 are barred by the intracorporate immunity doctrine.

### Thirty-First Affirmative Defense

Defendants did not act with malice or reckless indifference.

### Thirty-Second Affirmative Defense

Plaintiff's claims are barred by 42 U.S.C. section 2000e-2 to the extent they challenge a consent decree and was provided notice of said consent decree and did not object prior to the said consent decree's entry.

### Thirty-Third Affirmative Defense

Plaintiff's claim for prejudgment interest are barred by Indiana law.

### Thirty-Fourth Affirmative Defense

Plaintiff's claims are barred or limited to the extent the doctrine of laches applies.

### Thirty-Fifth Affirmative Defense

Plaintiff's claims are limited to the extent the loss of chance doctrine applies.

### Thirty-Sixth Affirmative Defense

Defendants cannot be sued.

### Thirty-Seventh Affirmative Defense

Plaintiff's claims are limited by the economic loss doctrine.

Further, the Defendants hereby reserve any and all rights they may have to raise additional affirmative defenses that may be developed through the course of discovery in this litigation.

Respectfully Submitted,


s/ Clifford Whitehead _____
Clifford Whitehead (28836-49)
Assistant Corporation Counsel
OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204
Telephone: (317) 327-4055
Fax:   (317) 327-3968
E-Mail: Clifford.Whitehead@indy.gov


Attorney for Defendants City of Indianapolis,
Johathan M. Lawlis, Robert McCauley, Brad
Alford, and Michael B. Wright

## CERTIFICATE OF SERVICE

I hereby certify that on February 15, 2012, a copy of the foregoing served by electronic

filing.   Notice of this filing will be sent to the following parties by operation of the Court's

electronic filing system    Parties may access this filing through the Court's system.


Richard A. Waples
WAPLES & HANGER
410 N. Audubon Road
Indianapolis, IN   46219


Michael John Woody
543 East Market Street
Indianapolis, IN 46204

John C. Ruckelshaus
John F. Kautzman
Andrew R. Duncan
Edward J. Merchant
RUCKELSHAUS, KAUTZMAN,
BLACKWELL,
BEMIS & HASBROOK
107 N. Pennsylvania Street, Suite #900
Indianapolis, IN   46204
jcr@rucklaw.com
jfk@rucklaw.com
ard@rucklaw.com


s/ Clifford Whitehead_____
Clifford Whitehead (28836-49)
Assistant Corporation Counsel


OFFICE OF CORPORATION COUNSEL
200 East Washington Street, Room 1601
Indianapolis, Indiana   46204
Telephone: (317) 327-4055
Fax:   (317) 327-3968