UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE E. KING, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) CAUSE NO. 1:11-cv-01727-TWP-DML |
| | ) |
| THE CITY OF INDIANAPOLIS, | ) |
| JONATHAN M. LAWLIS, | ) |
| ROBERT K. MCCAULEY, | ) |
| BRAD ALFORD, and, | ) |
| MICHAEL B. WRIGHT, | ) |
| | ) |
| DEFENDANTS. | ) |

**PLAINTIFF'S REPLY ON VERIFIED MOTION
FOR LEAVE TO FILE AMENDED COMPLAINT**

Defendants' response to plaintiff's motion to amend the complaint fails to identity any delay by plaintiff in moving to amend the complaint when information identifying Officer David Miller as a responsible party was first learned, and does not articulate any prejudice to the existing defendants to include Officer Miller as a defendant. Because it appears that Officer Miller bears some responsibility with the existing defendants for the constitutional violation which occurred when Mr. King's cell phone was forcibly taken from him, the Court should grant plaintiff's motion and direct the Clerk to file the proposed amended complaint.

**Plaintiff Should be Permitted to Amend his Complaint Pursuant to Federal Rule 15**

While the Case Management deadline to amend the complaint passed three weeks before plaintiff filed his motion, the motion should nevertheless be granted because plaintiff did not delay filing the motion and the defendants would suffer no prejudice if the amendment is granted.

As this Court has recently recognized:

> Rule 15(a)(2) provides that when a party can no longer amend as a matter of course, it may amend its pleading "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The rule reflects a liberal attitude toward amendments, but "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." Soltys v. Costello, 520 F.3d 737, 743 (7th Cir. 2008).

*Durden v. Semafore Pharms., Inc.*, 2011 U.S. Dist. LEXIS 57575, 5-6 (S.D. Ind. May 25, 2011)

Here, there was no delay, no prejudice, and no futility.

**No Delay**

Plaintiff did not delay at all, let alone unduly do so. Prior to the expiration of the CMP deadline to amend the pleadings, plaintiff had conducted discovery to determine the identities of all officers responsible for the constitutional violation at issue. Defendants did not respond with actual names, but instead referred plaintiff to IMPD Internal Affair investigation documents, which included statements from a number of officers at the scene. These statements included one from Officer Miller. In that statement, Officer Miller stated that he was at the scene and had spoken to Willie King and informed him that his cellphone was subject to confiscation if he was videotaping the scene, but did not state that he had ordered the phone to be confiscated or implicated himself in the confiscation. Plaintiff did not consider this evidence, standing alone, to be sufficient to confer liability on Officer Miller, and hence did not add him as a defendant at that time.

Plaintiff's undersigned counsel also conferred with defense counsel Clifford Whitehead at the Court's initial pretrial conference on March 20, 2012, and asked him whether plaintiff's complaint included all responsible officers. Mr. Whitehead stated that it did.

Additionally, plaintiff's counsel attempted to conduct depositions of the existing defendant officers prior to the expiration of the discovery deadline. Those depositions may have revealed Officer Miller's culpability prior to the expiration of the motion to amend deadline. However, those depositions were not conducted due to the lack of response by defense counsel. *See* Plaintiff's Unopposed Motion for Extension of Time to Complete Non-Expert Discovery (Doc. No. 36).

Mr. Whitehead's departure from City Legal led to those depositions not being scheduled until new counsel had been substituted, which did not occur until September 18, 2012. Doc. No. 35. That delay cannot be attributed to plaintiff. Discovery has now been extended (Doc. No. 39), and counsel for the parties are attempting to schedule the depositions of the four defendant officers, Officer Miller, and a 30 (B) (6) witness from the City, for October 23 and 24, 2012.

It was not until Monday, September 10, 2012, when plaintiff's undersigned counsel attended the meeting of the Indianapolis Civilian Police Complaint Board, which was conducting a public hearing on plaintiff Willie King's citizen's complaint, that plaintiff first learned that Officer Miller bore some responsibility for the cell phone confiscation. At that hearing, a board member questioned why Officer Miller was not also named in the citizen's complaint, and one of the members stated that Officer Miller was responsible for the order to take Mr. King's cell phone. Other board members expressed agreement with that assessment. While the specific evidence supporting these assertions regarding Officer Miller were not discussed at the meeting beyond those statements, those statements are sufficient to make a claim against Officer Miller plausible, and hence warrant including him as a defendant.

Plaintiff moved to amend the complaint on September 18, 2012, eight days after learning this new information. This is not undue delay.

**No Prejudice**

Despite claiming prejudice, defendants fail to identify any actual prejudice. The prospective defendant is just one more officer at the scene to be included as a defendant along with the four existing at-the-scene defendant officers. He will undoubtably be represented by the same defense counsel. Because Mr. Whitehead withdrew from the case, depositions of these officers did not occur within the previous discovery deadline. However, upon plaintiff's unopposed motion, discovery has already been extended by sixty days and the parties' counsel are attempting to schedule the depositions of all of these officers, including Officer Miller, to occur on October 23 and 24, 2012. While other case management plan deadlines may need to be altered, this is not because plaintiff is seeking to add Officer Miller as a defendant, but, rather, because defense counsel failed to cooperate in the scheduling of depositions when plaintiff's counsel attempted to arrange them prior to the expiration of the previous discovery deadline. Any additional amendment of other case management plan deadlines should be done, if at all, in ways that do not affect the June 24, 2014, trial date.

Defendant has failed to identify any prejudice by an order allowing plaintiff to amend his complaint to include Officer Miller.

**No Futility**

Defendants have not claimed that it would be futile to include Officer Miller as a defendant. While this is not an admission that Officer Miller was responsible for the confiscation of Mr. King's cell phone, the lack of any such argument is telling. Indeed, one would think that it would be in the interest of the existing defendants to include as defendants all officers actually responsible for any constitutional violations which occurred. Plaintiff's motion is not futile.

**Conclusion**

Amendments to pleadings should be freely granted where, as here, there is no undue prejudicial delay and no showing of futility.  Plaintiff's motion should be granted.

Respectfully submitted,

October 9, 2012                                  */s/ Richard A. Waples*
                                                  Richard A. Waples

| | |
|---|---|
| **WAPLES & HANGER** | **Michael J. Woody, PC** |
| 410 N. Audubon Road | **Attorney at Law** |
| Indianapolis, Indiana 46219 | 543 East Market Street |
| TEL: (317) 357-0903 | Indianapolis, Indiana 46204 |
| FAX: (317) 357-0275 | TEL: (317) 423-2902 |
| EMAIL: rwaples@wapleshanger.com | FAX: (317) 423-2922 |
| | EMAIL: mjwoody@att.net |

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 9, 2012, a copy of this document was filed electronically. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system:

Alexander Will - awill@indy.gov

Jillian Spotts - Jillian.Spotts@indy.gov

John Kautzman - jfk@rucklaw.com

Andrew Duncan - ard@rucklaw.com

Edward Merchant - ejm@rucklaw.com

                                                          */s/ Richard A. Waples*
                                                          Richard A. Waples

**WAPLES & HANGER**
410 N. Audubon Road
Indianapolis, IN 46219
TEL: (317) 357-0903
FAX: (317) 357-0275
EMAIL: rwaples@wapleshanger.com