UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIE E. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:11-cv-01727-TWP-DML |
| ) | |
| CITY OF INDIANAPOLIS, ) | |
| JONATHAN M. LAWLIS, and ROBERT ) | |
| K. MCCAULEY ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO RECONSIDER

This matter is before the Court on Plaintiff Willie E. King's ("Mr. King") Motion to Reconsider Partial Summary Judgment (Dkt. 91). On August 29, 2013, the Court entered Summary Judgment in favor of Defendants Indianapolis Metropolitan Police Department ("IMPD"), Officer Jonathan M. Lawlis ("Officer Lawlis"), and Officer Robert K. McCauley ("Officer McCauley") on Mr. King's 42 U.S.C. § 1983 ("§ 1983") malicious prosecution claim. After the Court's Entry, the Seventh Circuit decided *Julian v. Hanna*, 732 F.3d 842 (7th Cir. 2013), which held that Indiana's grant of absolute immunity in state law malicious prosecution actions provides an inadequate remedy against state officers, and thus plaintiffs may pursue federal malicious prosecution suits against state officers. The Court agrees with Mr. King that reconsideration of his malicious prosecution claim is appropriate. After consideration of Mr. King's § 1983 claim on the merits, the Court finds that he has established a genuine issue of material fact to support a malicious prosecution claim against Officer Lawlis, but not Officer McCauley. Accordingly, the Motion to Reconsider (Dkt. 91) is **GRANTED** and summary judgment on this claim is **denied in part** and **granted in part**.

## I. <u>BACKGROUND</u>

The Court found the following facts undisputed for purposes of summary judgment.  On February 18, 2011, Officer McCauley initiated a traffic stop of a vehicle.  The driver, William Gilmore ("Mr. Gilmore"), pulled into the driveway of 3901 North Whittier Avenue, which is the residence of Arthur and Leona Harris.  Officer McCauley determined that Mr. Gilmore was intoxicated and Mr. Gilmore resisted Officer McCauley's attempts to be arrested.  Officer McCauley requested assistance from other officers.  Multiple IMPD officers responded to the scene and a crowd of onlookers gathered in the yard and street in front of the Harris residence.

Mr. King had lived in the neighborhood for 41 years and had been a neighbor of the Harrises's for 40 years.  He became aware of the situation across the street when he stepped outside for fresh air and heard neighbors yelling about the police.  Mr. King retrieved his iPhone and began to video record.  He walked across the street through the Harrises's yard to the Harrises's front porch.  As Mr. King was walking to the porch, Officer Brad Alford ("Officer Alford") approached Mr. King and told him to leave the area or go indoors.  Mr. King responded that he was going to his friend's house.  Once Mr. King reached the Harrises's porch and was near the doorway to the house, Officer Alford turned his attention back to Mr. Gilmore and the crowd.

Mr. King continued video recording the incident from the Harrises's front porch.  Officer David Miller ("Officer Miller") was standing in the Harrises's yard and noticed Mr. King on the porch.  Officer Miller told Officer McCauley that Mr. King was video recording the incident. Officer Miller then told Mr. King that police could confiscate his phone if the video showed Mr. Gilmore resisting arrest.  Mr. King stated "I don't give a fuck what you do," Dkt. 60 at 2:50–2:54 (video, manually filed), and continued video recording.  Officer McCauley then approached Mr.

King and asked if Mr. King was recording and said, "I need your camera." Dkt. 60 at 2:59–3:00. Mr. King responded, "You ain't taking shit." Dkt. 60 at 3:00-3:01. Officer Lawlis also approached Mr. King, and when Mr. King did not voluntarily give the officers his cell phone, Officer Lawlis grabbed Mr. King and pulled him off the porch onto the ground. Mr. King dropped the phone, which Officer McCauley picked up and powered down.

Mr. King was arrested for Residential Entry, Obstruction of Justice, Resisting Law Enforcement, Refusal to Leave an Emergency Incident Area, and Public Intoxication. He was ultimately charged with Resisting Law Enforcement, Disorderly Conduct, and Public Intoxication. He was found not guilty of all charges following a bench trial.

## II. LEGAL STANDARD

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). A motion to reconsider is appropriate where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## III. DISCUSSION

Mr. King has asserted a § 1983 malicious prosecution claim against Officer Lawlis and Officer McCauley. The Court originally dismissed Mr. King's § 1983 malicious prosecution

claim in part because there was a suitable remedy under state law. In *Julian*, the Seventh Circuit made clear that Indiana does not provide an adequate remedy for malicious prosecution claims against state officers and that a claim for false arrest will not always provide an adequate remedy under state law to address a plaintiff's claims. Therefore, the Court's initial ruling must be reconsidered due to the change or clarification in the law.

In *Serino v. Hensley*, 735 F.3d 588 (7th Cir. 2013), decided after *Julian*, the Seventh Circuit again addressed the contours of a federal malicious prosecution claim. The court reiterated that "federal courts are rarely the appropriate forum for malicious prosecution claims." *Id.* at 592 (internal quotation omitted). Rather, courts usually analyze "self-styled" malicious prosecution claims as alleging a particular constitutional right. *Id.* However, federal law does recognize that a plaintiff can state a common-law malicious prosecution claim as a violation of Due Process; that is "a claim that a state actor deprived the plaintiff of liberty or property without due process of law." *Id.* Further, the court reiterated that "there is no such thing as a constitutional right not to be prosecuted without probable cause. Thus, [the plaintiff] must allege something else that does amount to a constitutional violation (even if he calls it malicious prosecution)." *Id.* at 593.

Here, the Complaint alleges the officers "falsely charged Mr. King," "the prosecutor's charges were based upon Officer Lawlis' false police report and affidavit of probable cause," and "Mr. King suffered damages as a result of these events in the form of physical injury, pain, suffering, lost earnings, attorney fees, and emotional distress." Dkt. 1 at 4. In his response to Defendants' summary judgment motion, Mr. King asserted that "Officer Lawlis' false account of Mr. King's actions contained in his probable cause affidavit was the basis of the criminal charges and Mr. King would not have been prosecuted had it not been for Officer Lawlis' account." Dkt.

4

71 at 35.  Further, he asserted that, "[t]here was no probable cause for Mr. King's arrest," and that "Officers Lawlis and McCauley testified at Mr. King's criminal trial, perjured themselves about Mr. King's actions, and made that proceeding fundamentally unfair as a result."  Dkt. 71 at 35. Mr. King also has set forth a comparison of statements Officer Lawlis made in his probable cause affidavit and the video evidence, which show many discrepancies.

As an initial matter, the Court notes that Mr. King does not have an actionable claim for malicious prosecution based on his arrest without probable cause, because there remains an adequate remedy for this alleged wrong.  Mr. King maintains state law and Fourth Amendment claims for false arrest in this lawsuit and the lack of existence for probable cause is best analyzed under the Fourth Amendment or a claim for state law false arrest.  *See Alexander v. Kinney*, 692 F.3d 553, 558 (7th Cir. 2012) ("The Fourth Amendment, not the due process clause, is the proper basis for challenging the lawfulness of an arrest.").  Therefore, Mr. King's malicious prosecution claim must pursue a remedy for a "deprivation of liberty *pursuant to legal process*."  *Serino*, 735 F.3d at 594 (emphasis in original).

Mr. King has made additional allegations that sustain a claim for malicious prosecution. In *Serino*, the plaintiff made similar allegations as has Mr. King.  There, the plaintiff alleged that the defendant officer made "false and misleading recommendations that led to [plaintiff's] malicious charges."  *Id.* (internal quotation marks omitted).  The court rejected that this allegation alone was sufficient, stating that a plaintiff would need to show evidence such that knowingly false statements were made, that exculpatory evidence was withheld, that steps were taken to wrongfully further what was known to be a baseless prosecution, that such conduct was committed with malice, and that there was some deprivation of liberty or property without due process of law.  *Id.*

Here, Mr. King has set forth the type of evidence that establishes a genuine issue of material fact supporting a claim for malicious prosecution against Officer Lawlis.  First, there are striking discrepancies between what Officer Lawlis stated in his probable cause affidavit and the video evidence, which raise an inference of knowing falsity or malice. Second, there is evidence that Officer Lawlis continued to make false statements to prosecutors and the trial court, which establishes a disputed issue of fact that steps were taken to further the wrongful prosecution. Third, *Serino* instructs that a plaintiff "must allege that the predicate deprivation occurred after he was arraigned."  735 F.3d at 594.  In *Serino*, the plaintiff could not "establish a liberty violation based solely on his having to 'defend' . . . against the charges." In this case, Mr. King does allege emotional distress and loss of income, although it is not clear if these were a result of the arrest, from the charges and subsequent trial, or both.  *Serino* further suggested that while it may be "possible" that the Due Process Clause could protect one's reputation and finances, the Supreme Court has recognized that "stigma," standing alone, cannot constitute a deprivation of liberty under the Fourteenth Amendment. *Id.* (citing *Paul v. Davis*, 424 U.S. 693, 701 (1976)). At this stage of the proceeding, considering the evidence in the light most favorable to Mr. King and given the lack of briefing on this particular point—the Defendants do not address this issue at all—this allegation sets forth a disputed issue such that a jury could reasonably find Mr. King suffered a deprivation without due process of law.

That said, the Court finds that Mr. King has only established his allegations of a § 1983 malicious prosecution claim against Officer Lawlis. The only allegation about Officer McCauley is that he gave false testimony at trial.  This alone cannot sustain Mr. King's claim against Officer McCauley.  *See Rehberg v. Paulik*, 132 S. Ct. 1497, 1505–06 (2012) (discussing the

absolute immunity granted to witnesses testifying at trial for § 1983 claims, including police officer witnesses).

## IV. CONCLUSION

Accordingly, the Court **GRANTS** Mr. King's Motion to Reconsider Partial Summary Judgment (Dkt. 91). Summary judgment is now **DENIED in part** and **GRANTED in part**. The § 1983 malicious prosecution claim against Officer Lawlis is reinstated. The § 1983 malicious prosecution claim against Officer McCauley remains dismissed.

**SO ORDERED.**

Date: 01/27/2014

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael John Woody
mjwoody@att.net

Richard A. Waples
WAPLES & HANGER
rwaples@wapleshanger.com

Beth Ann Garisson
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
beth.garrison@indy.gov

Mark John Pizur
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
mark.pizur@indy.gov

Andrew R. Duncan
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ard@rucklaw.com

Edward J. Merchant
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
ejm@rucklaw.com

John F. Kautzman
RUCKELSHAUS KAUTZMAN BLACKWELL BEMIS & HASBROOK
jfk@rucklaw.com